## SCOTT v. TREBILCOCK et al.

In an action to recover money, an assignment of error that the verdict is excessive is sufficient to call attention to the pleadings, verdct, and judgment as constituting the material parts of the judgment roll.

Under Rev. Pen. Code, § 712, making one maliciously injuring property not his own liable in treble damages to the "owner of such property," one in possession of but not the owner of premises could not recover treble damages.

In an action to recover damages for malicious mischief, the question as to what judgment should be rendered is to be determined by the pleadings, verdict, and the law applicable thereto, and that question may be reviewed in the Supreme Court independently of a bill of exceptions.

(Opinion filed, July 10, 1907.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. Rice, Judge.

Action by Charles A. Scott against William Trebilcock and others. Defendants appeal from a judgment for plaintiff. Reversed and remanded.

*Joseph B. Moore,* for appellants. *S. C .Polley, Chambers, Kellar,* and *Goodner & Goodner,* for respondent.

CORSON, J. This action was instituted by the plaintiff to recover from the defendants damages to real property alleged to have been sustained by him. Verdict and judgment being in favor of the plaintiff, the defendants have appealed. The plaintiff in his complaint alleges as follows: "That on the 15th day of July, A. D. 1899, and from that time down to and at the present date, plaintiff was in the possession, entitled to the possession, and to the sole use and occupation of the following described pieces and parcels of land, to wit, * * * and had the same inclosed by a good, substantial, three-wire fence, sufficient to turn cattle and other domestic animals. That on the said 15th day of July, A. D. 1899, the defendants above named, by themselves, their agents and employees, went upon the said premises of the plaintiff, as aforesaid, willfully and maliciously intending to injure the said paintiff, and maliciously cut, broke, and destroyed plaintiff's said fence, and drove and allowed large numbers of their own and other person's cattle and horses to go upon the said premises, thereby greatly damaging

plaintiff and injuring said premises; that defendants, by themselves, their agents and employees, on and since the said 15th day of July, 1899, have from day to day, and at divers times, and continually, from said date down to and on the 18th day of July, A. D. 1902, committed the said wrongful and malicious acts, and, in addition to destroying and damaging the said premises as aforesaid, allowed plaintiff's stock to escape from said premises, thereby putting plaintiff to great trouble and expense in hunting up and returning the same—all to plaintiff's damage in the sum of one thousand ($1,000.00) dollars. That, in addition to the above damage caused to plaintiff by the said wrongful and malicious acts of the defendants, plaintiff has been put to large expense and has actually paid out the sum of three hundred and two (302) dollars for repairing the said fences where they had been so wrongfully and maliciously cut and destroyed by the defendants as aforesaid, to plaintiff's damage in the sum of three hundred and two (302) dollars. Wherefore plaintiff demands judgment against the defendants in the sum of thirty nine hundred and six (3,906) dollars, for the costs of this action, and for such other and further relief as may be just." The land embraced within the described tracts comprised about 1,600 acres. The defendants by their answer denied all the allegations of the complaint except, that the plaintiff has been in possession of certain lands and premises in Lawrence county, state of South Dakota; but, as to whether or not the same is correctly described in the first paragraph of the plaintiff's complaint, the defendants have no knowledge or information sufficient to form a belief. On the trial the jury found the following verdicts: "We, the jury in the above-entitled action, find for the plaintiff and against the defendants on all the issues on plaintiff's first cause of action, and we find that plaintiff's damage was caused by the malicious acts of the defendants, and we assess plaintiff's actual and single damage on his first cause of action at $200. And we find for the plaintiff and against the defendants on all the issues on plaintiff's second cause of action, and we find that plaintiff's damage was caused by the malicious acts of the defendants, and we assess plaintiff's actual and single damages on his second cause of action in the sum of $190." Thereupon the court entered

judgment, the material parts of which are as follows: "It is by the court ordered, considered, and adjudgel that the plaintiff, Charles A. Scott, have and recover of and from the defendants, William Trebilcock and Janette Trebilcock, the sum of eleven hundred and seventy ($1,170.00) dollars together with his costs taxed by the clerk in the sum of $192.20, amounting in all to the sum of $1,362.20, and that plaintiff have execution therefor."

It is contented by the appellants that the verdict of the jury is excessive, and, while this contention does not point directly to the judgment of the court as one being unauthorized by statute, it is sufficient to call our attention to the pleadings, verdict, and judgment as constituting the material part of the judgment roll. It will be observed that the verdict of the jury is that the plaintiff recover $200 on the first cause of action, and $190 on the second cause of action, as actual and single damages. It will be further observed that the learned circuit court entered judgment against the defendants for $1,170, together with the costs of the action, presumably upon the theory that the court was authorized to treble the damages as provided by section 712, Rev. Pen. Code, which reads as follows: "Every person who maliciously injures, defaces or destroys any real or personal property not his own, in cases other than such as are specified in the following sections is guilty of a misdemeanor, and in addition to the punishment presribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof." By the provisions of this section, it is only the owner of property, or a public officer having it in charge, who is entitled to recover treble damages. It is neither alleged in the complaint nor shown by the evidence that the plaintiff owned any of the land upon which the trespass was committed. On the contrary, it appears that he did not own the land, and, while he may have owned the fence surrounding it, the injury to the fence itself was comparatively insignificant. The court was not therefore authorized under the provisions of the section above quoted to treble the damages found by the jury. The provisions of the section are highly penal, and they cannot be extended by construction to include a case not clearly within the provisions of the section.

The court not being authorized to treble the damages, its judgment, in so far as it trebled the same, is clearly erroneous; and the judgment must be modified by striking therefrom the excess of the damages, over and above those found by the jury. The question as to what judgment should be rendered by the court is to be determined by the pleadings, verdict, and the law applicable thereto, and that question can be reviewed in this court upon the record independently of any bill of exceptions. We have examined with great care the errors which are claimed by appellants as entitling them to a new trial and which are discussed by their counsel in his brief; but, after such examination, we are of the opinion that no reversible error has been shown, and, without discussing each error separately, it must suffice to say that we discover no sufficient grounds for reversing the order denying·a new trial.

The case is therefore remanded to the circuit court, with direction that the judgment appealed from be modified in conformity with this opinion, with costs to appellant.